INGERSOLL et al. v. HOLT et al., Commissioner of Patents.

(Circuit Court, N. D. California. October 29, 1900.)

No. 12,873.

1. PATENTS—SUITS TO OBTAIN ISSUANCE—REISSUES.

    Rev. St. § 4915, which provides that, "whenever a patent on application is refused, * * * the applicant may have remedy by bill in equity," applies to applications for a reissue as well as to original applications.

2. SAME—PLEADING—SUFFICIENCY OF BILL.

    In a suit brought under Rev. St. § 4915, to obtain the reissue of a patent refused by the patent office, the court exercises original jurisdiction, and the inquiry extends to the invention as an entirety, the right of the complainant to be determined on all competent evidence, and not merely on the record made on the patent office; hence the bill must fully disclose the facts upon which the invention is claimed.

In Equity. On demurrer to bill.

Wheaton & Kalloch, for complainants.
Scrivner & Hopkins, for respondents.

MORROW, Circuit Judge. This is a suit in equity, brought by the complainants under section 4915 of the Revised Statutes of the United States, to obtain the reissue of certain letters patent. The complaint is demurred to by the respondents upon several grounds, presenting the following questions for consideration: Does the remedy provided in section 4915 of the Revised Statutes cover an application for the reissue of a patent? If so, does the bill of complaint herein state with sufficient particularity the facts upon which the reissue of patent is asked?

Section 4915 provides:

"Whenever a patent on application is refused, either by the commissioner of patents or by the supreme court of the District of Columbia upon appeal from the commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear."

The respondents contend that the words "patent on application," at the beginning of the section, cannot be construed to include applications for reissue of patents, and that, therefore, the controversy in the present suit arising upon an application for the reissue of a

patent, this court has no jurisdiction in the matter. In support of this contention it is argued: That section 4915 of the Revised Statutes is a substantial re-enactment of section 16 of the patent law of 1836. That in 1837 an additional act was passed, section 8 of which provided the same remedy in the case of the rejection of an application for the reissue of a patent as in the case of the original application, as follows:

"That whenever application shall be made to the commissioner for any addition of a newly-discovered improvement to be made to an existing patent, or whenever a patent shall be returned for correction and re-issue, the specification of claim annexed to every such patent shall be subject to revision and restriction, in the same manner as are original applications for patents; the commissioner shall not add any such improvement to the patent in the one case, nor grant the re-issue in the other case, until the applicant shall have entered a disclaimer, or altered his specification of claim in accordance with the decision of the commissioner; and in all such cases, the applicant, if dissatisfied with such decision, shall have the same remedy and be entitled to the benefit of the same privileges and proceedings as are provided by law in the case of original applications for patents."

—That this section was not incorporated into the Revised Statutes, and therefore the remedy has ceased to exist in cases of applications for reissue of patents.

The first step in construing a statute is to examine the language of the statute itself. The Revised Statutes must be treated as the legislative declaration of the statute law on the subjects which they embrace. When the meaning is plain, the courts cannot look to the statutes which have been revised to see if congress erred in that revision. Resort may only be had to the prior laws when necessary to construe doubtful language used in expressing the meaning of congress. U. S. v. Bowen, 100 U. S. 508, 513, 25 L. Ed. 631. Where is the doubtful language in the section in controversy? It says, "Whenever a patent on application is refused, * * * the applicant may have remedy by bill in equity." Is not this a simple, concise statement of the intention of the legislature to include patents of any nature within the remedy? No specification is made of patents on original application or patents on reissue application, but the general term is used, which will include patents applied for under any conditions that may arise in such proceedings. That a reissued patent has the same standing in the law as an original patent is undoubted. The statutes so provide, and the courts so construe them in innumerable cases. A patent is granted originally to secure certain rights to inventors for a limited time. A reissued patent merely secures those rights more definitely in some particular wherein the original patent was defective. Is it reasonable to suppose that congress intended to limit judicial consideration to the claims for a patent first presented, regardless of their accuracy or completeness? The answer is self-evident, and it is not surprising that no authorities can be cited in this connection. The demurrer will be overruled as to the want of equity in the bill and to the absence of jurisdiction in this court.

The bill is also demurred to as insufficient in not specifically setting forth the reasons why the patent should be amended, and a re-

issue granted. Under the statute (section 4915, Rev. St.) this court has original jurisdiction in controversies of this nature, and does not proceed as an appellate tribunal. Wheaton v. Kendall (C. C.) 85 Fed. 666, 671. The original patent having been surrendered for reissue, interference declared, an adverse decision rendered, and a reissue refused, the patent is entirely avoided (Peck v. Collins, 103 U. S. 660, 26 L. Ed. 512), and the plaintiff now stands in the position of one applying for an original patent, subject to the ordinary rules of equity practice and procedure. The case is not confined to the record made in the patent office, but is prepared and heard upon all competent evidence adduced, and upon the whole merits. Jurisdiction is conferred by the statute to adjudge whether or not the applicant is entitled, according to law, to receive a patent for his alleged invention. Butterworth v. Hoe, 112 U. S. 50, 61, 5 Sup. Ct. 25, 28 L. Ed. 656. As this inquiry will not be confined to the claims of the patent sought to be amended upon application for reissue, or to the claims in controversy in the interference proceedings, but will extend to the invention as an entirety sought by the plaintiff to be secured by letters patent, the bill should fully disclose the facts upon which the invention is claimed, and the particulars of the application for patent. A bill in equity upon an alleged infringement "must contain such a description of the patented invention as will apprise the court of the particulars in which it consists, or it must make profert of the letters patent upon which it is based." Walk. Pat. (2d Ed.) § 579. The same requirements apply to a bill for the obtaining of a patent refused by the commissioner. The demurrer upon this point will be sustained.